**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YANEE PERRY, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Yanee Perry (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA" or "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, SEPTA is a regional transportation authority with a location and corporate headquarters located at 1234 Market Street, Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PFPO.

13. On or about March 23, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2026-04925 and was dual filed with the Philadelphia Commission on Human Relations ("PCHR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated April 6, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year after filing, but within two (2) years of the issuance of the Right to Sue in this matter, as it relates to her PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On November 5, 2012, Defendant hired Plaintiff in the position of Medical Technician.

21. Plaintiff was well qualified for her position and performed well.

22. In or around 2015, Plaintiff became a Medical Services Technician ("MST") at Defendant.

23. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF IS DISABLED

24. Plaintiff has the serious health conditions of right side heart failure, pulmonary hypertension and chronic thromboembolic pulmonary hypertension ("CTEPH") which are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Philadelphia Fair Practices Ordinance ("PFPO").

25. The major life activities affected by the aforementioned disabilities include, but are not limited to breathing, performing physical tasks, circulatory functions and circulatory functions.

## PLAINTIFF NOTIFIED DEFENDANT OF HER DISABILITIES AND REQUESTED A REASONABLE ACCOMODATION WHICH WAS APPROVED

26. In or around 2022, Plaintiff notified Defendant of her disabilities and requested the reasonable accommodation to work remotely one (1) day per week in order to attend pulmonary therapy.

27. Plaintiff submitted her reasonable accommodation request to Carol O'Neill, Director, and Lonnie Allbaugh, Equal Employment Opportunity Coordinator, who approved her request.

28. Plaintiff was required to reapply for her reasonable accommodation request every four (4) months.

29. Plaintiff did so and her reasonable accommodation requests were approved.

4

30. Plaintiff initially worked remotely on Tuesdays to attend her pulmonary therapy.

## PLAINTIFF'S COWORKERS HARASSED PLAINTIFF DUE TO HER DISABILITITES AND REASONABLE ACCOMMODATION REQUEST

31. Following Plaintiff's request for a reasonable accommodation, Plaintiff's coworkers, including, but not limited to, Lorna Haley, Occupational Health Nurse, Tressa Archer, Senior Medical Technician, and LaToya Reid, Medical Librarian, made discriminatory comments regarding her disabilities, including, but not limited to, that she was faking her disabilities and "there's nothing wrong with you", or words to that effect, on a nearly daily basis.

32. In addition, Haley requested information from Defendant's timekeeper regarding Plaintiff's vacation days in an attempt to have her disciplined and/or terminated.

33. Haley also attempted to issue a write up to Plaintiff for a minor issue, but it was rescinded after Plaintiff complained about it.

## PLAINTIFF REPORTED THE DISCRIMINATORY HARASSMENT AND WAS RETALIATED AGAINST AFTER HER COMPLAINT

34. Plaintiff reported Haley, Archer and Reid's discriminatory harassment to Tom Kumber, Equal Employment Opportunity Coordinator, on multiple occasions.

35. Following Plaintiff's complaints, Haley, Archer and Reid retaliated against Plaintiff by making false claims about her in an attempt to have her disciplined and/or terminated.

## PLAINTIFF'S WORK FROM HOME DAY WAS CHANGED

36. On May 7, 2025, Plaintiff's reasonable accommodation was changed to working remotely on Fridays instead of Tuesdays.

37. The change in her scheduled remote day was due to the pushback that she received due to her reasonable accommodations.

**PLAINTIFF SUBMITTED A PATIENT/EMPLOYEE'S PAPERWORK TO THE NURSE PRACTITIONER WHO CLEARED THE PATIENT/EMPLOYEE**

38. On June 26, 2025, a patient/employee was placed on hold by Barbara Hitchins, Nurse Practitioner – temporary, to request more information from his doctor.

39. Plaintiff provided the patient/employee with a blank copy of the paperwork for his doctor to complete and send back to Defendant.

40. Later that day, Plaintiff found the patient/employee's completed paperwork on top of the fax machine.

41. Plaintiff brought the paperwork to Hitchins and asked if it was ready to be submitted.

42. Hitchins informed Plaintiff that it was, but that she could not sign off on it.

43. Plaintiff then submitted the patient/employee's paperwork to Jackie Curry, Nurse Practitioner – temporary, for confirmation that the patient/employee was cleared.

44. Curry cleared the patient/employee and signed off on the paperwork.

45. Plaintiff then called Christopher Terranova, Vocational Rehabilitation Coordinator, as per protocol, and notified him that the patient/employee had been cleared.

46. At no time did Plaintiff alter or change any of the information on the patient/employee's paperwork.

**HALEY FALSLEY ACCUSED PLAINTIFF OF ALTERTERING THE PATIENT/EMPLOYEE'S PAPERWORK**

47. On June 27, 2025, Haley called Plaintiff and claimed that Plaintiff knew the patient/employee personally and falsely accused her of altering his paperwork.

48. Haley instructed Plaintiff to contact her union representative, but did not inform Plaintiff of any impending disciplinary action.

49. Importantly, Haley was not Plaintiff's direct supervisor or manager.

**DEFENDANT TERMINATED PLAINTIFF**

50. On June 30, 2025, Plaintiff reported to work, but Haley informed Plaintiff that she had been terminated effective June 27, 2025.

51. The reason provided for Plaintiff's termination was that she had allegedly altered the patient/employee's paperwork on June 26, 2025.

52. Defendant discriminated against Plaintiff due to her disabilities and retaliated against her for requesting a reasonable accommodation and reporting the aforementioned discrimination in violation of the ADA and the PFPO.

53. Defendant's conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

56. Plaintiff was qualified to perform the job.

57. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

58. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

59. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse

employment actions.

60. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

61. The purported reason for Defendant's decision is pretextual.

62. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

63. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

64. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

67. Plaintiff was qualified to perform the job.

68. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

69. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

70. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

71. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

72. The purported reason for Defendant's decision is pretextual.

73. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

74. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

75. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

76. Plaintiff engaged in activity protected by the ADA, to include, but not necessarily be limited to, good faith request for a reasonable accommodation and reporting disability discrimination.

77. Plaintiff requested a reasonable accommodation due to her disabilities.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

80. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

81. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

82. Defendant knew or should have known of its obligations under the ADA.

83. Defendant's actions and/or omissions resulting in violations of the ADA were willful or done with reckless disregard to Plaintiff's statutorily protected rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

84. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

85. Plaintiff engaged in activity protected by the PFPO, to include, but not necessarily be limited to, good faith request for a reasonable accommodation and reporting disability discrimination.

86. Plaintiff requested reasonable accommodation due to her disabilities.

87. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

88. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

89. Defendant's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

90. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Yanee Perry, requests that the Court grant her the following relief against Defendant:

(a)     Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b)     Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PFPO.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

11

(l)      Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 6, 2026                By:   */s/David M. Koller*
                                       David M. Koller, Esquire (Pa 90119)
                                       Jordan D. Santo, Esquire (Pa 320573)
                                       2043 Locust Street, Suite 1B
                                       Philadelphia, PA 19103
                                       215-545-8917
                                       davidk@kollerlawfirm.com
                                       jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*

12